### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

BENJAMIN P. ALLEN,                     )
                                       )
                    Plaintiff,         )
                                       )
          v.                           )          Civil Action No. 20-cv-01650 (TSC)
                                       )
MARY P. ADDI, *et al.*,                )
                                       )
                                       )

### ORDER

Currently before the court is Plaintiff Benjamin Allen's Renewed Second Motion to Stay ("Mot. III"), ECF No. 33, and Defendant Mary Addi's Motion to Strike and/or Seal that Motion ("MTS"), ECF No. 34. For the reasons explained below, Allen's Renewed Second Motion to Stay will be sealed. Allen's request to toll the time within which to file a motion for reconsideration will be denied. His request to continue to stay the case against Defendant TRT World will be held in abeyance pending a response, if any, from TRT World.

I.     Background

Allen sued his estranged wife, Addi, and TRT World, an international news channel, for defamation. *See* Compl., ECF No. 1, ¶¶ 2–3, 6. On September 22, 2021, the court entered a Memorandum Opinion, ECF No. 29, and Order, ECF No. 30, granting Addi's Motion to Dismiss, ECF No. 14, and dismissing all claims against her for want of personal jurisdiction. The case against TRT World was stayed at Allen's request, *see* First Motion to Stay, ECF No. 27, on April 5, 2021, *see* Apr. 5, 2021 Min. Order, and Allen was ordered to file a status report by October 1, 2021, advising the court as to his ability to proceed with the case against TRT

1

World.  In filing his First Motion to Stay, Allen failed to comply with the requirements of D.C. Local Civil Rule 7(m), requiring a party to confer with all other parties before filing a non-dispositive motion, and to file a certification attesting to same.  The court reminded Allen of his obligation to follow the Federal and Local Rules, and orders of the court, and he was warned that further failures to comply could result in sanctions, up to and including dismissal of this action. *Id.*

On September 30, 2021, in lieu of a status report, Allen filed a Second Motion to Stay, ECF No. 31.  He sought (1) an extension of the stay of the case against Defendant TRT World, and (2) to toll the deadlines to "make an objection" and "fully explain his point of view with new evidence" as to Addi's dismissal.  *Id.* at 1.  He proposed that the case be stayed, and reconsideration deadlines be tolled until March 2022, as he was undergoing medical treatment for unspecified conditions and had recently had surgery.  *Id.*  According to Allen, his physicians advised him that he would be unable to research and write, respond to discovery, or attend depositions.  *See id.*

The court denied Allen's Second Motion to Stay by Minute Order on October 6, 2021, because he had again failed to comply with the requirements of Local Rule 7(m).  *See* Oct. 6, 2021 Min. Ord.  Allen was warned that the court's October 6th Minute Order would serve as a "final directive . . . to comply with all applicable Federal and Local Rules, as well as this court's orders."  *Id.*  He was again warned that any further failures to comply could result in sanctions, up to and including dismissal.  Finally, Allen was granted leave to refile the Second Motion to Stay, with an accompanying Local Rule 7(m) certification, by November 8, 2021.  *Id.*

II.    Allen's Request to Continue Stay/Toll Deadlines & Compliance with Rule 7(m)

On November 8, 2021, Allen filed the pending Renewed Second Motion to Stay.  The prolix Motion totals 95 pages, including exhibits.  Allen only very briefly addresses the sole issue before the court, namely, the request to stay the case against TRT World and to toll Rule 59(e) and Rule 60 deadlines.  *See* Mot. III at 1.  In support thereof, he again states that he had "life-changing surgery" on March 16, 2021, and then refers generally to "severe health problems," which have restricted his current ability to "move and work" and to proceed with the case.  *See id.*  He contends, for example, that his parents assisted him with the drafting of the Renewed Second Motion.  *See id.*

Once again, Allen's attempts to comply with Local Rule 7(m) are inadequate. While Allen *informed* Addi and TRT World's counsel about his "health condition before filing the first motion by e-mail," there is no indication that he ever actually *conferred* with them regarding the Second Motion to Stay, or otherwise sought to obtain their consent or to discern their position. *See id.*; *see also* Plaintiff's Reply ("Reply"), ECF No. 35, at 1–2; Reply Exs. 1, 3, 4.  Further, there is no indication that he conferred with defense counsel or Addi before filing the Renewed Second Motion; he merely emailed them a copy of that Motion on the same date that he filed it— as an "FYI."  *See* Reply Exs. 3–4.  These actions do not comport with the intention and purpose of Rule 7(m).

Addi has filed an Opposition, ECF No. 33, and contends that Allen never contacted her[1] regarding her position on either Motion.  She alleges that the request to continue the stay and toll

---

[1]    The court notes that Allen has faced some adversity in conferring with Addi in this matter based on a "no contact" directive issued in their state-filed domestic matter, including some related resistance from Addi's counsel in that matter.  *See* Reply Ex. 2; Mot to Strike at 2. Addi's

deadlines is merely a "stalling tactic" and requests proof of his medical condition. *Id.* at 3–4; *see* Reply Ex. 3.

The court will deny Allen's request to toll the deadlines to file for reconsideration of the court's decision granting Addi's Motion to Dismiss. Since the beginning of this case, all parties have been clearly advised of their general obligations to follow the Federal and Local Rules, and the *pro se* parties were provided with resources to assist in this regard. *See* Jan. 15, 2021 Order, ECF No. 15; *see also* March 11, 2021 Min. Ord. The parties were also warned that sanctions could be imposed for failure to comply with Rules and orders. *See id.* Allen has again failed to fully comply with Local Rule 7(m), despite the fact that he has been repeatedly advised that he must comply with Rule 7(m), or otherwise suffer potential sanctions. *See* Apr. 5, 2021 Min. Ord.; Oct. 6, 2021 Min. Ord. Allen has failed to comply with other Rules and court directives on other occasions as well. *See, e.g.*, March 4, 2021 Min. Ord. (failure to comply with Local Rule 5.4(f)). Although a *pro se* plaintiff is afforded some latitude in prosecuting his case, "such leeway does not constitute a license for a plaintiff filing *pro se* to ignore the Federal Rules of Civil Procedure," a court's local rules, or a court's orders. *Moore v. Robbins*, 24 F. Supp. 3d 88, 97 (D.D.C. 2014) (internal quotation marks omitted).

Despite his contention that he required his parents' assistance in drafting the Renewed Second Motion, despite his incapacity, he also somehow managed to, thereafter, promptly submit two additional comprehensive filings—his Reply to Addi's Opposition to the Renewed Second

---

counsel also apparently notified Allen that he should refrain from contacting Addi regarding *this case* because she was already dismissed as a defendant. *See* Reply Ex. 2. It was necessary, however, for Allen to confer with Addi or her counsel regarding these Motions, because Allen seeks to toll reconsideration deadlines arising from Addi's dismissal from this case, to which she will be entitled to a response.

Motion, and an Opposition ("Opp'n"), ECF No. 36, to Addi's Motion to Strike and/or Seal. Moreover, Allen has also already presented arguments for reconsideration, by and through his Renewed Second Motion, *see* p. 7–8, *infra*. And the court finds that it would be fundamentally unfair to require Addi, who has been dismissed from this case, to wait several months, or more, merely to respond to a potential motion for reconsideration, particularly when Allen has now demonstrated his ability to present reconsideration arguments despite his health challenges.

For all of these reasons, the court declines to toll Allen's reconsideration deadlines of the court's Memorandum Opinion, ECF No. 29, and Order, ECF No. 30. Notably, Allen is still currently within the time period to file a motion for relief pursuant to Rule 60(a) or (b), should he choose to do so.

While Addi has stated her position regarding Allen's Renewed Second Motion, TRT World has not done so. Because Allen's attempts to comply with Local Rule 7(m) were insufficient, the court will hold in abeyance Allen's renewed request to continue to stay the case against TRT World, and will render a decision on that request after TRT World is provided with an opportunity to respond.

III.   Allen's New Allegations & Addi's Motion to Strike and/or Seal

Nearly every page of Allen's Renewed Second Motion to Stay contains criminal allegations, denigrating accusations, and disparaging comments about Addi, which he contends warrants the court's consideration, a hearing, and discovery. *See* Mot. III at 1–12. Importantly, none these claims bear any relevance to the request to continue the stay or to toll deadlines, which is the only matter currently before the court.

First, Allen alleges, without a factual basis, that Addi "forged" documents submitted in prior briefing, and in support, he points to the myriad attached exhibits. *See id*. at 5–6, 9, 11. These exhibits not only fail to support his forgery claims but are also irrelevant because the court did not consider *any* of the attached exhibits in deciding the matter. *See generally*, Mot. III Exs. 1–8.

Second, despite the fact that Addi has been dismissed from this civil case, Allen raises new criminal allegations against her, contending—incorrectly— that this court has "the utmost power to initiate" a criminal investigation as to same. Mot. III at 2, 11. He demands that the court "inform authorities" regarding these new claims. *Id.* at 11. Even if these allegations have any merit, which the court does not concede, the decision of whether or not to prosecute, and for what offense, rests with the prosecution. *See, e.g., Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Powell v. Katzenbach*, 359 F.2d 234, 234–35 (D.C. Cir. 1965) (per curiam) (holding that the judiciary "will not lie to control the exercise" of Attorney General's discretion to decide whether or when to institute criminal prosecution), *cert. denied*, 384 U.S. 906 (1966); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (refusing to recognize constitutional right "as a member of the public at large and as a victim to have the defendants criminally prosecuted"); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012) (holding same), *aff'd*, No. 12–5198, 2012 WL 6603088 (D.C. Cir. Dec. 6, 2012), *cert. denied*, 568 U.S. 1160 (2013).

Similarly, Allen cannot compel a criminal investigation by filing a complaint.  *See Otero v. U.S. Attorney General*, 832 F.2d 141, 141–42 (11th Cir. 1987) (per curiam); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982).  The Executive Branch has absolute discretion to decide whether to conduct an investigation or prosecute a case and such decisions are not subject to judicial review.  *United States v. Nixon,* 418 U.S. 683, 693 (1974); *see also Powell*, 359 F.2d at 234–35; *Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480–81 (D.C. Cir. 1995). "[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion."  *Heckler v. Chaney*, 470 U.S. 821, 831 (1985).

Third, to whatever extent Allen's allegations are intended to support his request for reconsideration of Addi's dismissal from this matter, they are without merit.  Allen's allegations are not only highly speculative, but they are also completely immaterial to the dismissed defamation claims.  And they lack any connection to the court's bases for dismissal pursuant to Federal Rule 12(b)(2).  A motion submitted pursuant Fed. R. Civ. P. 59(e) need not be granted "unless the district court finds that there is an intervening change of controlling law, the availability of new evidence or the need to correct a clear error or prevent manifest injustice." *See Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).  Similarly, "'[t]he decision to grant or deny a rule 60(b) motion is committed to the discretion of the District Court.'" *Kareem v. FDIC*, 811 F. Supp. 2d 279, 282 (D.D.C. 2011) (quoting *United Mine Workers of Am. 1974 Pension v. Pittston Co.*, 984 F.2d 469, 476 (D.C. Cir. 1993)), *aff'd*, 482 Fed. Appx. 594 (D.C. Cir. 2012), *cert. denied*, 571 U.S. 911 (2013).  Motions for reconsideration are "disfavored," and "granting . . . such a motion is . . . an unusual measure [.]"  *Cornish v. Dudas*, 813 F. Supp. 2d

147, 148 (D.D.C. 2011) (internal quotation marks omitted) (citing *Kittner v. Gates*, 783 F. Supp. 2d 170, 172 (D.D.C. 2011)), *aff'd sub nom.*, 474 Fed. Appx. 779 (Fed. Cir. 2012), *cert. denied*, 568 U.S. 1213 (2013); *see also Wright v. FBI*, 598 F. Supp. 2d 76, 77 (D.D.C. 2009).  Allen has not presented a plausible basis to vacate the dismissal of the case against Addi, nor have his arguments demonstrated the need for a hearing or discovery.

Finally, and as noted, Allen's Renewed Second Motion to Stay contains salacious allegations and deprecating remarks about Addi.  *See* Mot. III at 1–12.  Consequently, Addi has moved strike and/or seal the Motion, due to the inflammatory nature of these accusations, which she argues are not only irrelevant and baseless, but are intended to harass, defame, and embarrass her.  *See* MTS at 1–3.  In response, Allen reasserts the same allegations against her and reiterates his claim that they are truthful.  *See* Opp'n at 1–5.

Federal Rule 12(f) provides that "upon motion made by a party within 20 days of service of the pleading upon the party . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "Statements are to be stricken as 'scandalous' only when they contain allegations 'that unnecessarily reflect[] on the moral character of an individual[.]'" *Cobell v. Norton*, 224 F.R.D. 1, 5 (D.D.C. 2004) (quoting 2 Moore's Federal Practice § 12.37[3] at 12–97); *see also In re TheMart.com, Inc., Securities Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000) ("scandalous" includes allegations that cast "a cruelly derogatory light on a party or other person").  To qualify as "scandalous," the allegation in question must at least be found lacking in evidentiary support. *See, e.g., Pigford v. Veneman*, 215 F.R.D. 2, 4–5 (D.D.C. 2003).  Whether to grant a motion to strike is "firmly within the discretion of the district court," and such a motion should be granted

only where "it is clear that the allegations in question can have no possible bearing on the subject

matter of the litigation," *Cobell v. Norton*, 224 F.R.D. 266, 282 (D.D.C. 2004) (quoting *Ulla–*

*Maija, Inc. v. Kivimaki*, No. 02 Civ. 3640, 2003 WL 169777, at *4 (S.D.N.Y. 2003)), or "unless

it can be shown that no evidence in support of the allegations would be admissible[,]" *id.*

(quoting *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976)).

The court finds that the representations and exhibits in Allen's Renewed Second Motion

are unquestionably speculative, irrelevant, and "cruelly derogatory." *See Cobell*, 224 F.R.D. at 5

(citation omitted).  Rule 12(f), however, only allows a court to strike "pleadings." *Buford v.*

*Yellen*, 246 F. Supp. 3d 161, 182 (D.D.C. 2017). "'Pleadings' are defined in Federal Rule of

Civil Procedure 7(a) as various iterations of complaints, answers and replies to answers[.]" *Id.*

"'[M]otions, affidavits, briefs and other documents are outside of the pleadings' and are not

subject to being stricken." *Henok v. Chase Home Fin., LLC*, 925 F. Supp. 2d 46, 52–3 (D.D.C.

2013) (quoting 5C Charles Alan Wright et al., Federal Practice & Procedure § 1380 (3d ed.

Supp. 2012)); *see Bey v. WMATA*, 341 F. Supp. 3d 1, 13 (D.D.C. 2018) ("Rule 12(f) authorizes

only the striking of pleadings.") (citing Fed. R. Civ. P. 12(f) and 7(a)).  Consequently, because

the Renewed Second Motion is not a "pleading," it cannot be stricken pursuant to Rule 12(f).

The court finds, however, that the Motion can —and will be— sealed.

Although there is "'a strong presumption in favor of public access to judicial

proceedings' . . .  [i]n some cases, that presumption may be outweighed by competing interests."

*In re Leopold to Unseal Certain Elec. Surveillance Applications & Orders*, 964 F.3d 1121, 1127

(D.C. Cir. 2020) (quoting *United States v. Hubbard*, 650 F.2d 293, 317 (D.C. Cir. 1980)); *see*

*also MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 663 (D.C. Cir. 2017).  A

court must consider six factors in assessing whether the competing interests to seal overcome the presumption of public access:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*E.E.O.C. v. Nat'l Children's Ctr.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (citing *Hubbard*, 650 F.2d at 317–22). Judicial records may remain sealed "only 'if the district court, after considering the relevant facts and circumstances of the particular case, and after weighing the interests advanced by the parties in light of the public interest and the duty of the courts, concludes that justice so requires.'" *MetLife*, 865 F.3d at 665–66 (quoting *In re Nat'l Broad. Co.*, 653 F.2d 609, 613 (D.C. Cir. 1981)).

Allen has addressed none of these factors. The court finds no need for public access to the content of the Motion itself, which as discussed, contains potentially defamatory and immaterial allegations. The same holds for the exhibits, most of which consist of Addi's private —and only sparsely redacted— medical and banking records, photographs, and correspondence.[2] It also appears that very few of these documents are publicly available. The subject matter of the Motion, and its exhibits, pertains to Addi, who opposes the public disclosure of the information

---

[2]     This is not the first time that Allen has been admonished for improperly filing Addi's private information. His opposition, ECF No. 24, to Addi's Motion to Dismiss, included exhibits and copies of checks that contained Addi's bank and credit card account numbers. The court informed Allen that "[i]nclusion of unredacted copies of such information was a clear violation of Local Civil Rule 5.4(f)." *See* March 4, 2021 Min. Order. He was warned that such failures "to comply with the FRCP, Local Rules and/or orders of the court may result in sanctions, up to and including dismissal of this action." *Id.*

contained therein.  Her privacy interests are of significant importance, because the Motion

contains "scandalous and unsubstantiated allegations[,]" *United States Securities and Exchange*

*Commission v. Ahmed*, No. 3:15cv675 (JBA), 2021 WL 3130095, at *1 (D. Conn. July 23, 2021)

(granting motion to seal document where "the same reputational harm" feared by defendants was

"avoided by sealing the exhibit in lieu of striking it."), used in potential furtherance of

"'improper purposes,' such as 'to gratify private spite,' 'promote public scandal,' or [to] 'serve

as reservoirs of libelous statements for press consumption[,]'" *Snyder v. Acord Corp*., 811 Fed.

Appx. 447, 468 (10th Cir. 2020) (affirming trial court's determination to seal documents that

were "spiteful, scandalous[,] and motivated" by appellant's dissatisfaction with the outcomes of

litigation, and based on "unfounded information, presented to besmirch reputation rather than to

address any legitimate purpose[.]") (quoting *United States v. Hickey*, 767 F.2d 705, 708 (10th

Cir. 1985)).

  The court finds that Allen's Renewed Second Motion, and its contents, relate in large part

to his long-enduring contentious relationship with Addi, and their mutual animosity, in addition

to his dissatisfaction with her dismissal as a party to this case, and determinations in the ongoing,

and unrelated, domestic matter.  The possibility of prejudice to Addi is significant, and, aside

from baseless conspiracy theories, Allen has offered no persuasive reasons for the introduction of

such information on the public docket.  *See, e.g., Abraham v. Leigh*, No. 17 Civ. 5429, 2020 WL

5095655, at *1 n.1 (S.D.N.Y. Aug. 28, 2020) (holding that materials should be maintained under

seal where they are "irrelevant, salacious, or personally sensitive"), *appeal dismissed*, No. 20-

3320, 2021 WL 4520983 (7th Cir. Feb. 18, 2021); *Russell v. Samec*, No. 2:20-cv-00263, 2020

WL 3574270, at *1 (W.D. Wash. July 1, 2020) (finding that records that "might" become a

vehicle to "circulate libelous statements" should be sealed) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)); *Mitchell v. Cate*, No. 2:11–cv–1240, 2014 WL 1671589, at *2–3, *id.* at *2 n.5 (E.D. Cal. Apr. 28, 2014) (finding same) (citing *E.E.O.C. v. Erection Co., Inc.*, 900 F.2d 168, 170 (9th Cir.1990) *and Valley Broadcasting v. United States District Court*, 798 F.2d 1289, 1294 (9th Cir.1986)).

Accordingly, it is hereby

**ORDERED** that Addi's Motion to Strike and Seal, ECF No. 34, is **GRANTED in PART** and **DENIED in PART**. The request to **STRIKE** Allen's Renewed Second Motion to Stay is **DENIED,** but the request to **SEAL** the Renewed Second Motion to Stay is **GRANTED**. The Clerk of Court is hereby **DIRECTED to SEAL**, in full and forthwith, Allen's Renewed Second Motion to Stay, ECF No. 32. It is further

**ORDERED** that Allen's request to toll the deadlines to file for reconsideration of the court's Memorandum Opinion, ECF No. 29, and Order, ECF No. 30, is **DENIED**. His request to extend the stay of the case against TRT World will be held in abeyance pending a response, if any, from TRT World. TRT World may file a response, if any, to Allen's renewed request to continue the stay of the case against it, by **December 6, 2021**. It is further

**ORDERED** that, going forward, should Allen once again fail to comply with the Federal and/or Local Rules of Civil Procedure and/or orders of the court, sanctions will be imposed, including, but not limited to, dismissal of the action.

Date:  November 23, 2021

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

12