UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BENJAMIN P. ALLEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 20-cv-01650 (TSC) |
| MARY P. ADDI, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION**

This matter is before the court on defendant TRT World's Motion to Dismiss ("MTD"), ECF No. 49, pursuant to Federal Civil Rules 12(b)(1), 41(b), and D.C. Local Civil Rule 83.23, and its Memorandum in Support ("MTD Mem."), ECF No. 49-1.  For the reasons explained below, the court will grant the Motion, dismiss all claims against TRT World without prejudice, and close this case.

LEGAL STANDARD

Subject Matter Jurisdiction

"Article III of the Constitution prescribes that '[f]ederal courts are courts of limited subject-matter jurisdiction' and 'ha[ve] the power to decide only those cases over which Congress grants jurisdiction.'"  *Bronner v. Duggan*, 962 F.3d 596, 602 (D.C. Cir. 2020) (alterations in original) (quoting *Al-Zahrani v. Rodriguez*, 669 F.3d 315, 317 (D.C. Cir. 2012)); *see Gunn v. Minton,* 568 U.S. 251, 256 (2013) ("'Federal courts are courts of limited

1

jurisdiction,' possessing 'only that power authorized by Constitution and statute.'") (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  Federal courts have an obligation to ensure that they do not exceed the scope of their jurisdiction.  *See Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).  Absent subject matter jurisdiction over a case, a court must dismiss it.  *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506–07 (2006) (citing *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004)); Fed. R. Civ. P. 12(h)(3).

To survive a motion to dismiss under Federal Rule 12(b)(1), the plaintiff bears the burden of proving a court's subject-matter jurisdiction over the claim at issue.  *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015), *cert. denied*, 577 U.S. 1103 (2016); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010); *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942).  When considering such a motion, a court must accept as true all uncontroverted material factual allegations contained in the complaint and "'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged' and upon such facts determine jurisdictional questions."  *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005); *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004)).  A court need not accept inferences drawn by the plaintiff, however, if those inferences are unsupported by facts alleged in the complaint or amount merely to legal conclusions.  *See Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

When reviewing a challenge under Federal Rule 12(b)(1), a court may consider documents outside the pleadings to assure itself that it has jurisdiction.  *See Land v. Dollar*, 330

2

U.S. 731, 735 n.4 (1947); *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). By considering documents outside the pleadings a court does not convert the motion into one for summary judgment; "the plain language of Rule 12(b) permits only a 12(b)(6) motion to be converted into a motion for summary judgment" when documents extraneous to the pleadings are considered by a court. *Haase*, 835 F.2d at 905.

### Failure to Prosecute

Pursuant to D.C. Local Civil Rule 83.23, "[a] dismissal for failure to prosecute may be ordered by the Court upon motion by an adverse party, or upon the Court's own motion." "A Rule 41(b) dismissal is proper if, in view of the entire procedural history of the case, the litigant has not manifested reasonable diligence in pursuing the cause." *Bomate v. Ford Motor Co.*, 761 F.2d 713, 714 (D.C. Cir. 1985) (per curiam). "A lengthy period of inactivity may . . . be enough to justify dismissal," at least when "the plaintiff has been previously warned that [she] must act with more diligence, or if he has failed to obey the rules or court orders[.]" *Smith–Bey v. Cripe*, 852 F.2d 592, 594 (D.C. Cir. 1988) (quoting 9 C. Wright & A. Miller, Federal Practice and Procedure § 2370, at 205–07 (1971); citing *Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 312 (2d Cir. 1986); *Cherry v. Brown–Frazier–Whitney*, 548 F.2d 965, 969 (D.C. Cir. 1976)).

The authority to dismiss suits for failure to prosecute has long been recognized as "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion" in the courts. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). Further, "[t]he court's authority to dismiss a case for failure to prosecute or failure to follow the court's

3

orders is not discarded simply because a plaintiff is proceeding *pro se*." *Allen v. United States*, 277 F.R.D. 221, 223 (D.D.C. 2011). Although a *pro se* plaintiff is afforded some latitude in prosecuting her case, "such leeway does not constitute a license for a plaintiff filing *pro se* to ignore the Federal Rules of Civil Procedure," a court's local rules, or a court's orders. *Moore v. Robbins*, 24 F. Supp. 3d 88, 97 (D.D.C. 2014) (internal quotation marks omitted) (citing *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987)).

## DISCUSSION

First, the court agrees that it lacks subject matter jurisdiction. *See* MTD Mem. at 12–16. Plaintiff Benjamin P. Allen, proceeding *pro se* and *in forma pauperis*, purports to bring this defamation action based on diversity jurisdiction. *See* Compl., ECF No. 1, at 1. A district court may exercise diversity jurisdiction in a case involving an amount in controversy that exceeds $75,000, involving parties of diverse citizenship. 28 U.S.C. § 1332(a). Relevant here, parties enjoy diverse citizenship when they are "citizens of different States," or "citizens of a State and citizens or subjects of a foreign state," or "citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. §§ 1332(a)(1)–(a)(3).

While initially screening this matter, *see* 28 U.S.C. § 1915(e), another court in this District found that the citizenship of the parties was unclear, and questioned whether the court had subject matter jurisdiction over the case. *See* Show Cause Order, ECF No. 3. That court ordered Allen to show cause why the case should not be dismissed outright for want of subject matter jurisdiction. *See id.* On August 27, 2022, Allen filed a Response ("RSC"), ECF No. 8, to

4

the Order to Show Cause, and, having reviewed the response, another screening court found that while the citizenship of the parties was "still unclear," because the case was at an "early pleading stage," the court must "take Allen's supplemental assertions" regarding subject matter jurisdiction "at face value[,]" and it therefore discharged the Show Cause Order, *see* Order, ECF No. 8, at 2. Shortly thereafter, this matter was assigned to this court.

Per his own attestations, Allen is a United States citizen who, sometime in 2018 and well before he filed this case, left the United States and moved to Turkey, for fear of retribution by his estranged wife. He has resided in Turkey with extended family members, for the entire duration of this case. *See* RSC ¶ 4; Compl. ¶¶ 1, 7, 12–16; *see also* Declaration of Defense Counsel, Efe Poturoglu, Esq. ("Poturoglu Decl."), ECF No. 49-3 ¶ 12; Reply Exhibits, ECF No. 45-1 (Emails b/t Allen & Defense Counsel), at 2; Ct. Docket at address of record.

Although Allen is a United States citizen, he was not domiciled in any U.S. state at the time he filed the Complaint, therefore he cannot be considered "citizen of a State" for purposes of diversity jurisdiction. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828–30 (1989). The Supreme Court has mandated that "[i]n order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State." *Id.* at 828 (emphasis added) (citing *Robertson v. Cease*, 97 U.S. 646, 648–49 (1878); *Brown v. Keene*, 33 U.S. 112, 115 (1834)); *see CostCommand, LLC v. WH Adm'rs, Inc.*, 820 F.3d 19, 21 (D.C. Cir. 2016) (same). As in *Newman-Green*, 490 U.S. at 828, "[t]he problem in this case is that [Allen], although a United States citizen, has no domicile in

5

any State." That renders him "stateless" for purposes of § 1332(a), destroying diversity under any applicable subsection of the statute. *See id*. at 828–29; *see also Janvey v. Proskauer*, 59 F. Supp. 3d 1, at 5–6 (D.D.C. 2014) (finding that the court lacked subject matter jurisdiction because "[a]n American citizen domiciled abroad, while being a citizen of the United States is, of course, not domiciled in a particular state, and therefore such person is stateless for purposes of diversity jurisdiction[,]" and that a stateless party destroys complete diversity) (internal quotation marks omitted) (quoting *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 183–184 (3rd Cir. 2008); *Newman-Green*, 490 U.S. at 829); *Core VCT Plc v. Hensley*, 59 F. Supp. 3d 123, 125 (D.D.C. 2014) (holding that a "United States citizen who has no domicile in any State . . . is stateless and cannot sue or be sued in federal court on the basis of diversity.") (internal quotation marks omitted) (quoting *Newman-Green*, 490 U.S. at 828; citing *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir.1990) ("Though we are unclear as to Congress's rationale for not granting United States citizens domiciled abroad rights parallel to those it accords to foreign nationals, the language of § 1332(a) is specific and requires the conclusion that a suit by or against United States citizens domiciled abroad may not be premised on diversity.")); *Jankovic v. Int'l Crisis Grp.*, No. 04-01198, 2005 WL 3276227, at *5 (D.D.C. Aug. 23, 2005) (same).

  A person's "[d]omicile is determined by two factors: physical presence in a state, and intent to remain there for an unspecified or indefinite period of time." *Prakash v. Am. Univ.*, 727 F.2d 1174, 1180 (D.C. Cir. 1984). And "for purposes of diversity jurisdiction, courts apply a presumption of continuing domicile, so that domicile in one place remains until domicile in a

6

new place is established." *Core VCT*, 59 F. Supp. 3d at 126 (citing *Desmare v. United States*, 93 U.S. 605, 610 (1876); *Techno-TM, LLC v. Fireaway, Inc.*, 928 F. Supp. 2d 694, 697 (S.D.N.Y. 2013)).  Here, Allen has neither represented nor presented any other evidence that, at the time he filed suit, he was domiciled in Ohio or in any other U.S. state. To the contrary, he concedes he was domiciled in Turkey when he filed this case, and he remains there, over three years later.

The court also notes that Allen has *not* represented that he is a dual citizen of Turkey, but even if he is, it would not assist in establishing diversity jurisdiction.  TRT World has attested that it "is an international news channel of, and operated by, Türkiye Radyo Televizyon Kurumu (hereinafter "TRT"), which is a public entity organized under the laws of the Republic of Turkiye." MTD Mem. at 15 (citing Declaration of Hakan Corpur, Washington Bureau Chief of TRT World ("Corpur Decl."), ECF No. 49-2, ¶ 2); *see also* Answer ("Ansr."), ECF No. 22, ¶ 3. "TRT World is the national public broadcaster of Türkiye, and its "primary place of business is in Istanbul, Türkiye." MTD Mem. at 15 (quoting Corpur Decl. ¶¶ 2, 4); *see* Ansr. ¶ 3.  While "TRT World has a broadcast studio in Washington, D.C." it is "registered as a foreign non-profit corporation under the name 'Turkish Radio-Television Corporation (The).'"  MTD Mem. at 15 (quoting Corpur Decl. ¶ 3); *see* Ansr. ¶ 3.

A corporation's citizenship, for diversity jurisdiction purposes, is determined by its state of incorporation and its principal place of business.  *See* 28 U.S.C. § 1332(c)(1); *see also Hertz Corp.*, 559 U.S. at 80–81.  On the record before it, the court concludes that TRT World is a citizen of Turkey for purposes of diversity jurisdiction.  Therefore, even assuming *arguendo*

Allen is also a Turkish citizen, any diversity jurisdiction would be defeated, because TRT World is also a Turkish citizen, and "[f]or jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978)).

Second, the court agrees that the circumstances of this case also warrant dismissal for failure to prosecute. *See* MTD Mem. at 7–12. Allen has engaged in persistent dilatory behavior, and, despite repeated warnings, he has continually disregarded the court's orders and the applicable Federal and Local Rules of Civil Procedure.

At the outset of the case, the court issued an Order, ECF No. 15, advising the *pro se* parties, including Allen, of their obligation to follow the Federal and Local Civil Rules and the orders of this court, and it cautioned those parties that failure to comply could result in sanctions. Just two months later, on March 4, 2021, the court was compelled to again remind Allen of this same obligation, because he had flagrantly violated D.C. Local Civil Rule 5.4(f), in filing a Response, ECF No. 24 [SEALED], that included unredacted exhibits containing former defendant Mary P. Addi's private and sensitive information. *See* Minute Order (entered 3/4/21). Allen was again warned that continued failure to comply could result in sanctions, including dismissal of this case. *See id*. He was again issued this same warning by Minute Order on March 11, 2021.

8

On March 15, 2021, Allen filed his First Motion to Stay Proceedings, ECF No. 27. On April 5, 2021, the court entered a Minute Order granting that Motion in part and staying the case against TRT World for six months, but it also noted that Allen had failed to comply with D.C. Local Civil Rule 7(m). Consequently, Allen was cautioned, now for at least the fourth time, about potential sanctions, including dismissal, arising from his continued failures to comply. *See id*.

On September 22, 2021, the court entered a Memorandum Opinion, ECF No. 29, and Order, ECF No. 30, granting Addi's Motion to Dismiss, ECF No. 14, and dismissing the claims against her without prejudice pursuant to Federal Rule 12(b)(2).

On September 30, 2021, Allen filed a Second Motion to Stay, ECF No. 31, asking the court to toll certain deadlines and to stay the case against TRT World, but Allen again failed to comply with D.C. Local Civil Rule 7(m). *See* Minute Order (entered 10/6/21). Consequently, he was directed to refile the Second Motion to Stay, with an accompanying Rule 7(m) certification. *See id*. He was again reminded of his obligation to follow the court's Rules and orders, and about the potential repercussions of his continued failure to comply, including possible dismissal. *See id*.

On November 8, 2021, Allen refiled his Second Motion to Stay, ECF No. 32 [SEALED], which was ultimately sealed because it contained yet more irrelevant and defamatory statements about Addi. *See* Order, ECF No. 37. Allen was again reprimanded, for at least the sixth time,

9

for his failures to follow the court's orders and Rules, and he was again cautioned about the possibility of future sanctions, including dismissal. *See id.* at 12.

On January 12, 2022, after considering TRT World's Opposition, ECF No. 38, Allen's Second Motion to Stay was denied, *see* Order, ECF No. 39. The court also ordered TRT World and Allen to meet and confer, and it directed TRT World to, by February 9, 2022, file a joint report of the parties' planning meeting. *See id*. (citing Fed. R. Civ. P. 26(f); D.C. LCvR 16.3). *Id*. The parties were warned that separate Rule 26 reports would be stricken. *Id.* Despite this warning, and predominantly due to Allen's continued failures to cooperate, *see* Order ("Ord."), ECF No. 47, at 1–2 (explaining same), the parties filed separate Meet and Confer Statements, *see* ECF Nos. 40, 42. During that time, Allen also filed a flurry of other frivolous Motions and submissions. *See, e.g*., Response, ECF No. 41; Motion for Temporary Order, ECF No. 43; Motion to Remove or Cancel, ECF No. 44; Objections ("Objs."), ECF No. 46; *see also* Ord. at 4–5 (denying Allen's Motions).

On June 9, 2022, the court entered an Order, *inter alia*, reluctantly accepting the separate Meet and Confer Statements in the interest of judicial economy. *See* Ord. at 2. The court also recounted this matter's frustrating procedural history, characterized by "continued delays and unnecessary disputes, many of which were caused by Plaintiff." *See id*. And it again reminded Allen that his *pro se* status was not a license to ignore either the court's Rules or its directives, and he was strongly cautioned regarding his continued circumvention of the court's procedures,

10

lack of civility, and refusals to cooperate.  *Id.* at 3–4, 6.   For at least the seventh time, Allen was advised of potential resulting sanctions, including future dismissal.

The court then entered a Scheduling Order, ECF No. 48, on June 13, 2022.  The Scheduling Order also apprised the parties, including Allen, of their duty to adhere to the deadlines and procedures set forth therein. *See id*. at 1.  Discovery closed on December 22, 2022, *see id.*, and on January 21, 2023, TRT filed the pending Motion to Dismiss.  On January 23, 2023, the court entered an Order, ECF No. 50, advising Allen to, in accordance with the court's existing briefing schedule, respond to TRT World's Motion to Dismiss by February 22, 2023, or risk the court ruling on the Motion without the benefit of his position, *see id*. at 1–2 (citing *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988)).  In accordance with its procedure as to all docketed entries in this case, the court directed the Clerk to serve Allen with a copy of this Order by both mail at his address of record, and to his email address of record.[1]  *See id.* at 2; Docket Entries. Despite this additional consideration, and the convenience afforded him, Allen has failed to file any response to TRT World's Motion to Dismiss, and his deadline elapsed five months ago.

Allen has also failed to meet a single discovery deadline, including production of his initial Rule 26(a)(1) disclosures or of his expert designation. *See* MTD Mem. at 8–10; Poturoglu Decl. at ¶¶ 2–11; *see also* MTD Ex. 3 (Emails from defense counsel to Allen).  Indeed, he has failed to participate in discovery altogether, despite multiple communications and attempts by

---

[1]    Neither this Order, nor any other mail, has been returned to the court as undeliverable to Allen.

11

defense counsel to "engage Plaintiff and move this case forward." MTD Mem. at 8; Poturoglu Decl. at ¶¶ 2–11; *see also* MTD Ex. 3. In fact, he has not participated in this case, in any way, in over 17 months. *See* Objs. (filed 2/16/22) (representing Allen's last submission in this case); Poturoglu Decl. ¶¶ 12–15 (attesting that defense counsel had not heard from Allen since February 8, 2022).

Given Allen's repeated failures to comply with the court's orders and Rules, including the court's countless warnings to Allen regarding the potential implications of same, and his "lengthy period of inactivity," *Smith–Bey*, 852 F.2d at 594, dismissal for failure to prosecute is appropriate. Put simply, Allen has "not manifested reasonable diligence in pursuing" this matter, *see Bomate*, 761 F.2d at 714, and because he has done nothing to suggest that he intends to prosecute his claims, they must be dismissed.

TRT World seeks dismissal with prejudice based on Allen's failure to prosecute. *See* MTD Mem. at 7–9, 12. Pursuant to D.C. Local Rule 83.23, such a dismissal "should be made without prejudice unless the delay in prosecution impairs the opposing party's interests." *Wingo v. WMATA*, No. 19-cv-3507, 2023 WL 2562542, at *2 (D.D.C. Mar. 16, 2023) (citing D.C. LCvR 83.23). Here, the court is mindful of both Allen's *pro se* status, *see id.*, and of the fact that the sanctions employed must be proportionate to the misconduct, and that less drastic sanctions other than outright dismissal must be considered, *see Bonds v. District of Columbia*, 93 F.3d 801, 809 (D.C. Cir. 1996), *cert. denied*, 520 U.S. 1274 (1997). For that reason, and as noted, the court provided Allen with multiple warnings, and he was provided with ample opportunity to

respond to TRT World's arguments in support of dismissal. TRT World broadly asserts that it has been burdened by the pendency of this matter, and that both it and the court deserve to be spared from "expend[ing] further resources" on this matter, *see* MTD Mem. at 12, and the court does not disagree. But, while this argument generally supports dismissal, it does not speak directly to why the dismissal should be made with prejudice. Therefore, without more, and given Allen's *pro se* status, the court "sees no reason to depart from" the "default rule," of dismissing this matter without prejudice.[2] *See Wingo*, 2023 WL 2562542, at *2.

## CONCLUSION

For all of the foregoing reasons, TRT World's Motion to Dismiss is granted and the case against it is dismissed without prejudice. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Date: July 21, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

---

[2] In addition, and as discussed, the court dismisses this case for lack of subject matter jurisdiction, and such a dismissal must be without prejudice to a subsequent action raising the same or similar underlying facts if different grounds for jurisdiction are claimed. *See* Fed. R. Civ. P. Rule 41(b); *see also Allen v. Brown*, 320 F. Supp. 3d 16, 36 (D.D.C. 2018) (finding that a "dismissal for lack of subject matter jurisdiction is not a 'judgment on the merits.'") (citing 10A C. Wright, A. Miller, & M. Kane, Federal Practice & Procedure § 2713, p. 239 (3d ed. 1998) ("If the court has no jurisdiction, it has no power to enter a judgment on the merits."); Restatement (Second) of Judgments § 11, p. 108 (1980) ("A judgment may properly be rendered against a party only if the court has authority to adjudicate the type of controversy involved in the action.")).

13